IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED SERVICES, LLC, a North Dakota limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-21-908-C |
| FUSION INDUSTRIES, LLC, an Oklahoma limited liability company, and FUSION MECHANICAL, LLC an Oklahoma limited liability company, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## **O R D E R**

This is a breach of contract case where Plaintiff alleges Defendants failed to pay it for services rendered.  Defendants contracted with Hypower to work on a project in Virginia.  Defendants then contracted with Plaintiff to assist in that project.  At some point, Hypower became dissatisfied with the quality of work performed by the parties to this action and ended both parties' participation in the Virginia project.  Believing Hypower's actions breached their contract, Defendants have filed suit against Hypower in Virginia.  Plaintiff, alleging that Defendants failed to pay for work performed pursuant to the contract, filed the present action.  Now the parties have reached an impasse in discovery and Plaintiff filed the present Motion pursuant to Fed. R. Civ. P. 37.  Defendants have responded and the Motion is at issue.

As of the time Plaintiff's Motion was filed, Defendants had failed to produce any responsive documents.  In the telephone conference preceding this Motion, Defendants

asserted that some responsive documents would be produced and that they were attempting to obtain additional responsive documents from Hypower in the Virginia litigation.   A few days after the telephone conference, Defendants produced over 900 pages of responsive documents.   Defendants assert these documents are all the responsive documents currently in their possession.   In its Reply, Plaintiff concedes receipt of the documents but argues they were provided only in response to the Motion to Compel.   Plaintiff also takes issue with Defendants' response to certain interrogatories.

The Court finds Plaintiff's Motion should be denied, in part.   Plaintiff's Motion is premised in large part on delay by Defendants in producing responsive documents and the prejudice that places on Plaintiff.   Thus, a review of the timeline is necessary. Defendants' discovery was due January 26, 2022.   Plaintiff concedes that Defendants provided answers to interrogatories and requests for admission on January 27, 2022.   On that day, Defendants also stated that documents responsive to requests for production would be produced.   Nonetheless, Plaintiff waited until February 14, 2022, to raise any complaint about the adequacy of the responses or lack of document production.   On that day, the parties held a telephone conference and Plaintiff concedes that Defendants' counsel indicated he would attempt to produce documents by the end of the week. Plaintiff filed its Motion to Compel the next day, February 15, 2022, and Defendants made their document production on February 23, 2022.   Plaintiff now requests the Court order Defendants to produce additional documents but fails to specify how the document production by Defendants is insufficient.   Nor does Plaintiff offer any example or specific

2

argument of documents that Defendants have failed to provide.   Defendants have stated that they have produced all responsive documents in their custody, possession or control. Thus, the Court cannot require Defendants to produce additional documents. However, to the extent Defendants obtain additional responsive documents, they must supplement their production within three days of receipt.

Plaintiff also complains that many of Defendants' interrogatory answers rely on Fed. R. Civ. P. 33(d).   That rule states:

> d) Option to Produce Business Records.   If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Defendants have failed to properly comply with this Rule.   Review of Defendants' interrogatory responses shows they have simply referenced their document production and Rule 33(d).   That response does not provide the specificity required.   Accordingly, Defendants shall supplement their interrogatory responses by referencing specific document(s) that are responsive.   This supplement shall be provided within 10 days of the date of this Order.

Plaintiff requests the Court to award its attorneys' fees associated with bringing this Motion.   The Court finds an award of fees unjust as Plaintiff failed to timely act to secure

discovery once Defendants' failures were apparent and because Defendants acted promptly once Plaintiff protested.

As set forth more fully herein, Plaintiff's Motion to Compel Discovery Reponses (Dkt. No. 12) is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 14th day of March 2022.

ROBIN J. CAUTHRON
United States District Judge