IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED SERVICES, LLC, a North Dakota limited liability company, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-21-908-C |
| FUSION INDUSTRIES, LLC, an Oklahoma limited liability company, and FUSION MECHANICAL, LLC, an Oklahoma limited liability company, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action asserting a claim for breach of contract. Plaintiff has now filed a Motion for Summary Judgment, arguing that it is entitled to judgment on the issue of liability with the amount of damages to be determined at a later hearing.

Defendant Fusion Industries contracted with Hypower to perform work on the White Horn Solar Project in Gretna, Virginia. Plaintiff then contracted, via a Master Service Agreement ("MSA"), with Fusion Mechanical to perform work on that project. Plaintiff alleges it performed work pursuant to the MSA and that Defendants have failed to make payments as required by the MSA. Plaintiff now seeks judgment that Defendants have breached the MSA.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth specific facts outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves. Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). The burden is not an onerous one for the nonmoving party in each case but does not at any point shift from the nonmovant to the district court. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

Prior to determining whether Plaintiff can prevail on its request for a determination that the MSA was breached, the Court must determine with whom Plaintiff contracted. It

is undisputed that Plaintiff and Defendant Fusion Mechanical executed the MSA. Defendant Fusion Industries argues it is not a party to the contract. In support of its position, Plaintiff directs the Court to a portion of the MSA which states it is "entered into by and between Fusion Industries, LLC and any present or future subsidiaries or affiliates names [sic] directly or indirectly . . . ." Dkt. No. 1, Ex. 1, p. 1. Despite this clear language, Defendant Fusion Industries argues it is not a party to the MSA. In support of its position, Defendant Fusion Industries directs the Court to the deposition of Pat Waddell who executed the contract on behalf of Defendant Fusion Industries. Mr. Waddell testified that inclusion of Fusion Industries was a scrivener's error which was not discovered until shortly before his deposition. Mr. Waddel also stated that even after he discovered the alleged error he did not make any effort to correct it. Defendant Fusion Industries also directs the Court to the deposition of Richard Sosa who testified inclusion of Fusion Industries in the MSA was a scrivener's error.

"'[T]he judicial function of a court of law is to enforce a contract as it is written.'" Anthis v. Sullivan Oil & Gas Co., 1921 OK 321, ¶ 6, 203 P. 187, 187-88 (citation omitted). Here, the language of the contract is clear, the MSA was entered into between Plaintiff and Defendant Fusion Industries, Inc. Further, the language in the MSA which states it includes any present or future subsidiaries is sufficient to include Defendant Fusion Mechanical as a party to the MSA. Defendant Fusion Industries' argument that the MSA is between Plaintiff and Defendant Fusion Mechanical or that the MSA is ambiguous lacks any development in their brief. Rather, Defendants simply state the issue is a factual

3

dispute. The Supreme Court had made clear that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48. Even were the Court to consider Defendants' argument that an ambiguity exists, the result would not change. Under Oklahoma law, ambiguities in contracts are construed against the drafter. McMinn v. City of Oklahoma City, 1997 OK 154, ¶ 14, 952 P.2d 517, 522. Defendants drafted the MSA and so any ambiguity must be construed against them. The Court finds the MSA may be enforced against Defendant Fusion Industries, LLC, and Defendant Fusion Mechanical, LLC.

Plaintiff argues the undisputed facts demonstrate it is entitled to recover, as Defendants have breached the MSA. According to Plaintiff, it performed work under the MSA and is currently owed $130,850.45 plus additional consequential damages. Defendants counter, noting the MSA allows them to withhold payment to Plaintiff to protect Defendants from losses due to Plaintiff's failure to comply with the MSA. Defendants argue this clause is relevant here as Hypower has withheld payment to Defendants based on alleged failure to perform satisfactory work. Defendants assert the challenged work includes work performed by Plaintiff's employees. Defendants further note the dispute between them and Hypower is currently in litigation in Virginia. Plaintiff points to emails from Defendants to Hypower and argues those emails offer no evidence that Hypower's cancellation was due to concerns about Plaintiff's work. However, when construed in the light most favorable to the non-moving party, the emails and Defendants'

assertions demonstrate a question of fact exists regarding whether Defendants were entitled to rely on the above-noted portion of the MSA in withholding payment to Plaintiff. Accordingly, Plaintiff's request for judgment will be denied.

Because the Court has determined that Plaintiff's Motion for Summary Judgment should be denied on the issue to which additional evidence would be directed, it is unnecessary to resolve Defendants' Fed. R. Civ. P. 56(d) request for additional time.

## CONCLUSION

As set forth more fully herein, Plaintiff's Motion for Summary Judgment (Dkt. No. 18) is GRANTED in part and DENIED in part.  Plaintiff may pursue its claims against Defendant Fusion Industries, LLC, and Defendant Fusion Mechanical, LLC.  In all other respects the Motion is DENIED.  A separate judgment will issue at the close of the case.

IT IS SO ORDERED this 26th day of April 2022.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge